# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WENDY HOCH, )
)
        Plaintiff, )
v. )
) No. 05-0762-CV-W-FJG
JOHN CHRISTNER TRUCKING, INC., )
)
        Defendant. )

## ORDER

Pending before the Court is Defendant's Motion for Judgment on the Pleadings on Counts II, III and IV of Plaintiff's Petition (Doc. No. 3).

**I. Background**

This is a personal injury case. Plaintiff alleges that she was injured in an automobile wreck that occurred on July 12, 2000. She alleges that she was stopped by a road-crew flagman in a well-marked construction zone, and that a truck driver sped into the construction zone and violently collided with plaintiff's car. The truck driver that plaintiff alleges caused her injuries, Paul Oscar Cardwell, is employed by defendant John Christener Trucking, Inc. ("JCT"), and was allegedly driving a JCT truck at the time of the collision.

Plaintiff brought a four-count petition.[1] Count I alleges vicarious liability/respondeat superior against defendant JCT. Count II alleges negligent entrustment against JCT. Count III alleges negligent hiring against JCT. Count IV alleges negligent training against

---

[1] As this case was originally filed in state court and later removed to federal court, the original pleading in this case is entitled "Petition".

JCT.

**II. Standard**

When considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party. Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." U.S. v. Any and all Radio Station Transmission Equipment, 207 F.3d 458, 462 (8th Cir. 2000)(citing Fed. R. Civ. P. 12(c)).

**III. Analysis**

In defendant's answer to plaintiff's petition, defendant admits that Paul Oscar Cardwell was acting within the course and scope of his agency with JCT at the time of the collision. See Doc. No. 2, ¶¶ 4, 6, 19, 20, 22, and 23. Defendant states that, as it has admitted an agency relationship exists between it and Mr. Cardwell (which would establish vicarious liability for JCT as to any acts of negligence committed by Cardwell), it would be improper under Missouri law to allow plaintiff to continue to proceed on claims of negligent entrustment, negligent hiring, and negligent training in addition to vicarious liability.

Defendant refers the Court to McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995), in which the Missouri Supreme Court agreed with the majority view that "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against an employer on any other theory of imputed liability." Id. at 826. The Court reasoned,

2

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case.

Id. (citations omitted). Additionally, the Court found, "Once vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee." Id.

Defendant notes that the underlying facts of McHaffie are similar to those in the present matter. Both cases involved collisions between a motor vehicle driven by plaintiff and a truck driven by defendant's employee. At trial in McHaffie, claims for negligent hiring and respondeat superior were submitted to the jury, even though the defendant trucking company had admitted the agency relationship between its employee. See id. at 825. The Missouri Supreme Court found that submitting both theories to the jury was in error. See id. at 827. Defendant notes that this Court has followed the logic of McHaffie to dismiss other imputed liability claims. See Brown v. Larabee, 2005 WL 1719908 (W.D.Mo. 2005)(J. Sachs)(dismissing injured driver's claims for negligent hiring/retention/training against employer who admitted in its answer that its employee truck driver was acting within the course and scope of his agency with employer at the time of the accident). See also Young v. Dunlap, 223 F.R.D. 520 (E.D. Mo. 2004) (reaching the same result as Brown). Therefore, defendant states that counts II, III, and IV of plaintiff's petition should be dismissed.

3

Plaintiff responds that (1) defendant denied agency of Cardwell in other lawsuits brought by persons injured in the July 12, 2000, collision; (2) this motion is premature, as McHaffie really is about election of remedies, and plaintiff will elect which theory she will submit to the jury prior to trial. Defendant replies, and this Court agrees, that the current pleadings control in this case and the pleadings from other cases are not relevant as to the admissions made by defendant in this case.

Defendant further replies that the election of remedies doctrine is based on the theory that, "where a party has the right to pursue one of two inconsistent remedies and he makes the election, institutes suit, and prosecutes it to final judgment, he cannot thereafter pursue another and inconsistent remedy." Ellsworth Breihan Bld. Co. v. TEHA Inc., 48 S.W.3d 80, 82 (Mo. App. 2001)(quoting Whittom v. Alexander-Richardson Partnership, 851 S.W.2d 504, 506 (Mo. banc 1993)). Defendant states that the remedies requested in the present matter, however, are consistent; plaintiff's only remedy sought is a finding that JCT is liable for its agent's negligence. The Court agrees, and finds that once defendant admits vicarious liability for actions of its employee/agent, negligent hiring/training/entrustment claims "serve no real purpose." See McHaffie, 891 S.W.2d at 826.

Therefore, for the foregoing reasons, defendant's motion for judgment on the pleadings as to counts II, III, and IV of plaintiff's petition (Doc. No. 3) is **GRANTED**. Counts II, III, and IV of plaintiff's complaint are **DISMISSED**.

**IT IS SO ORDERED.**

Date:  October 18, 2005  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge